# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JACK LEE GILBERT, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JERRY BROWN, et al., ) <br> ) <br> Respondents. ) <br> _____ ) | No. CV 19-603-CAS (PLA) <br><br> **ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

Jack Lee Gilbert ("petitioner") initiated this action on January 25, 2019, by filing a document entitled "First Amendment Motion & Petition for Resentencing & Modification of 'All' the Illegally Imposed by a 'Judge' of Draconian Sentence Enhancements in . . . Direct Flagrant Miscarriage of . . . Justice [sic]." (ECF No. 1). The filing is liberally construed as a Petition for Writ of Habeas Corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner's address listed on the cover page of the Petition -- 480 Alta Road, San Diego, California, 92179 -- indicates that he is a California state prisoner housed in the Richard J. Donovan Correctional Facility. (See https://www.cdcr.ca.gov/Facilities_Locator/RJD.html). For the reasons set forth below, the Petition is dismissed without prejudice and with leave to amend.

First, petitioner did not use the proper form, pursuant to Local Rule 83-16.1, which requires that a petition for writ of habeas corpus "be submitted on the forms approved and supplied by the Court." Habeas forms are a procedural device that significantly aid the Court in processing the numerous habeas petitions presented to the Court. The habeas form used by the Central District of California is designed to aid petitioner to present the relevant information regarding his habeas claim(s) in a "simple, concise, and direct" manner, as required by Fed. R. Civ. P. 8(d).

Next, the Petition consists mostly of unintelligible and confusing assertions, and it is not at all clear exactly what, or how many, grounds for relief petitioner presents.[1] A federal habeas petition must not only specify all the grounds for relief available to the petitioner but must also state the facts supporting each ground. See Rule 2(c)(2),(3) of the Rules Governing Section 2254 Cases.

Additionally, as a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to

---

[1] While the Petition appears to set forth claims of prosecutorial misconduct, prosecutorial "vindictiveness," and actual innocence, petitioner's assertions in support of these claims are unintelligible.

exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). Here, petitioner has entirely failed to demonstrate that any of his purported claims are exhausted.

Based on these deficiencies, amendment is appropriate. Accordingly, IT IS ORDERED that the Petition is **dismissed with leave to amend**. **No later than February 28, 2019**, petitioner shall file an Amended Petition using the form Petition for Writ of Habeas Corpus by a Person in State Custody. The Amended Petition should clearly contain the words "AMENDED PETITION." **In the Amended Petition, petitioner must clearly state each ground for relief he is asserting, and include a clear statement of the facts supporting each ground for relief**. Additionally, petitioner must clearly indicate in the Amended Petition whether he has satisfied the state court exhaustion requirement.[2] The Court Clerk is directed to send petitioner, along with this Order, a copy of a blank Petition for Writ of Habeas Corpus by a Person in State Custody.

**If petitioner fails to file an Amended Petition, using the proper form, by the February 28, 2019, deadline, dismissal of this action will be recommended for failure to prosecute and failure to comply with this Order and governing case law.**

Alternatively, if petitioner agrees that this action should be dismissed without prejudice for lack of exhaustion, or for any other reason, **no later than February 28, 2019**, he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). Rule 41

---

[2] Petitioner is also advised that there is a one year statute of limitations for petitions filed under Section 2254. See 28 U.S.C. § 2244(d).

3

allows for the voluntary dismissal of an action by a petitioner[3] without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). Respondent has not yet appeared in this action. The Court clerk is directed to send petitioner a copy of a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" along with this Order.

DATED: January 31, 2019

                                                            PAUL L. ABRAMS
                              UNITED STATES MAGISTRATE JUDGE

---

[3] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." See also Hilton v. Braunskill, 481 U.S. 770, 776 & n.5 (1987) (Federal Rules of Civil Procedure may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing Section 2254 Cases). The Rules Governing Section 2254 Cases do not contain a specific provision addressing voluntary dismissals. See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases"); Woods v. Knowles, 2003 WL 21767470, at *1 (N.D. Cal. July 23, 2003). Thus, Rule 41, which otherwise governs such dismissals, is applicable to this habeas action.